*95 OPINION.
Murdock:
Glenn H. Curtiss owed the petitioner over $900,000 at the date of his death. The debt had accumulated over a period of years and was entirely genuine. Although the petitioner no doubt knew in 1931 that her debt would not be paid in full, nevertheless the amount of the loss was not determinable until the estate was closed in 1933. A proper charge-off was made in 1933. Since the extent of worthlessness could not have been determined prior to 1933, that is the year in which the deduction, if any, is allowable.
The petitioner took dower in accordance with her legal right. She next settled the largest claim against the estate for a cash payment of $565,000. The remaining assets of the estate were insufficient to pay the remaining debts and expenses. The petitioner paid those items, other than the debt due her, in full. She used the re *96 maining assets to pay a part of tbe debt due herself. That left $509,-718.81 due her unpaid. The amount was legally due her but in fact was never paid, even though, to close the estate and to relieve the real estate from any cloud, she filed a release of her claim. The argument of the Commissioner that the debt was paid is not supported by the facts. The cancellation of the stock of National Investment Holdings, Inc., did not serve to ameliorate her loss in the slightest. The fact that the debt was allowed in full for estate tax purposes is unimportant. Bourne v. United States, 2 Fed. Supp. 228; Commissioner v. Strauss, 77 Fed. (2d) 401; Union Guardian Trust Co., 82 B. T. A. 996; affirmed by dismissal on stipulation of counsel, March 3, 1938; Baer v. Milbourne, 13 Fed. Supp. 998; Mary Q. Hallock et ad., Trustees, 34 B. T. A. 575; a fid., 102 Fed. (2d). 1; Edna F. Rayes et ad., Executors, 34 B. T. A. 808; Edith M. O'Donnell, 35 B. T. A. 251; affd., 94 Fed. (2d) 852; Commissioner v. Ames, 88 Fed. (2d) 338; Commissioner v. Windrow, 89 Fed. (2d) 69; Helvering v. Northwestern National Bank, 89 Fed. (2d) 553; Commissioner v. Lyne, 90 Fed. (2d) 745.
The Commissioner argues that the petitioner could have shared pro rata with the other creditors and to the extent that she failed to do so her loss was voluntary. This point might be troublesome were it not that the petitioner needs only $120,285.47 of her loss to wipe out the deficiency. The remainder of her loss is far more than sufficient to absorb any voluntary loss on the theory suggested.
The respondent raises the question of whether a dowager may sustain a deductible loss from a bad debt where, by her own act in claiming dower, she prevents her claim as a creditor from being recovered in full. He does not argue that her claim is not equal to that of any other creditor or that she could not enforce her claim like any other creditor. He gives as an example a case where the wife loaned $100,000 to her husband; he promptly died with no other asset; and the wife elected to take dower of $50,000. He argues that the wife would not be entitled to deduct $50,000 as a bad debt. He cites no authorities in support of his argument. The facts in the present case are unlike those in the example. If the large claim of the Herring-Curtiss Co. had been allowed in a sufficient amount, this estate would have been insolvent even though dower had not been taken. The settlement of that claim for the smaller amount was probably influenced by the election of the widow and by her willingness to pay in full all debts save that due herself. We are unwilling to say at this time on this record that the petitioner sustained no loss on her debt merely because she exercised her dower right. Theoretically her loans to him may have increased his estate and the value of her dowry. The same would have been true had *97 the estate been solvent. In the latter case the share of the heirs or those taking under the will would be reduced, yet the law permits her to take both dower and debt. It seems no more startling that she should deduct for a bad debt when the debt is not paid.
A portion of the debt sufficient to wipe out the deficiency is deductible for 1933. The alternative contention of the petitioner requires no consideration here.

Decision will be entered for the petitioner.